**Robert C. WELDON, Appellant**

v.

**District Court William W. CALDWELL.**

No. 07–1487.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Aug. 16, 2007.

Filed: Sept. 19, 2007.

Robert C. Weldon, Dallas, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for William W. Caldwell.

Before: MCKEE, FUENTES and VANANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Robert C. Weldon, a Pennsylvania prisoner, appeals the District Court's order dismissing his *in forma pauperis* civil rights complaint filed pursuant to 42 U.S.C. § 1983. In that complaint, Weldon alleged that Judge William W. Caldwell, who is presiding over a separate civil rights action brought by Weldon, improperly dismissed his motion for summary judgment to "advance the private interests of the defendants." Weldon sought monetary damages and noted that "the rest of what [he] want[s] [the court] to do for [him] will be discussed at the appropriate time!" Concluding that Judge Caldwell is immune from suit, the District Court dismissed Weldon's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Weldon appealed.

Weldon's claims against Judge Caldwell are barred by the doctrine of judicial immunity. It is a well-established principle that judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' "). Because the act that Weldon complains of—dismissing his motion for summary judgment—was performed by Judge Caldwell in his official capacity,

Judge Caldwell is entitled to judicial immunity. *See Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 768–69 (3d Cir.2000).

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Weldon's motion for appointment of counsel is denied.